UNITED STATES DISTRICT COURT
for the
DISTRICT OF COLUMBIA

| | |
|---|---|
| **NATIONAL FEDERATION OF FEDERAL EMPLOYEES, FD-1, IAMAW,**<br>805 15th Street N.W., Suite 500<br>Washington, D.C. 20005,<br><br>    Plaintiff,<br><br>  v.<br><br>**SLOAN D. GIBSON**, in his official capacity as **ACTING SECRETARY OF VETERANS AFFAIRS,**<br>810 Vermont Avenue N.W.<br>Washington, D.C. 20420,<br><br>    Defendant. | Case No.   1:14-cv-960<br><br>CIVIL ACTION |

## COMPLAINT

1. Plaintiff National Federation of Federal Employees, Federal District 1, International Association of Machinists and Aerospace Workers, AFL-CIO ("NFFE"), in its own capacity and on behalf of its members and the employees it represents, hereby files this Complaint pursuant to Fed. R. Civ. P. Rule 3 against Sloan D. Gibson in his official capacity as the Acting Secretary of the United States Department of Veterans Affairs ("Veterans Affairs" or "VA").

2. Plaintiff NFFE seeks to vacate a decision issued by the Defendant Secretary of Veterans Affairs pursuant to 38 U.S.C. § 7422 (the "§ 7422 Decision") on the basis that the Secretary's § 7422 Decision exceeded his statutory authority and was arbitrary and capricious under the Administrative Procedure Act ("APA"), 5 U.S.C. § 706.

[1]

3. This case arises from the VA's failure to hold its local management accountable after poor, and in some cases abusive, management practices at the Thomas E. Creek Amarillo VA Medical Center in 2012 resulted in high turnover and a shortage of Title 38 Registered Nurses ("RNs").

4. When local management announced its intention to require mandatory overtime, the Local Union sought to mitigate the impact of these agency-induced nursing shortages by attempting to negotiate reasonable procedures for scheduling Title 38 RN's overtime in accordance with law and the Parties' Master Collective Bargaining Agreement ("Master Agreement").

5. Local management disregarded its legal obligation to bargain with the Union, and the Union filed an Unfair Labor Practice ("ULP") charge with the Federal Labor Relations Authority ("FLRA"). The FLRA issued a ULP complaint after conducting an investigation and finding that the Union's ULP charge had merit.

6. In order to shield local management from accountability for its failure to bargain in accordance with the law, the Secretary of Veterans Affairs issued the § 7422 Decision exempting the entire subject of mandatory overtime, including methods of scheduling nurses, from collective bargaining. In doing so, the Secretary expanded the scope of §7422 beyond a reasonable or allowable interpretation as a matter of law.

**PARTIES**

7. Plaintiff NFFE is an unincorporated national labor organization with its principal place of business located in this judicial district at 805 15th Street N.W., Suite 500, Washington, D.C., 20005. NFFE is the certified representative of certain professional employees of the Department of Veterans Affairs pursuant to 5 U.S.C. Chapter 71.

8. The NFFE Veterans Affairs Council of Consolidated Locals ("NFFE VA Council") is the Plaintiff's national-level bargaining agent, and NFFE Local 1138 is the local bargaining agent for Title 38 RNs of the Department of Veterans Affairs Health Care System, Amarillo, Texas ("VAMC Amarillo") located at Thomas E. Creek Amarillo VA Medical Center, 6010 Amarillo Boulevard West, Amarillo, TX 79016.

9. Plaintiff NFFE holds the certification for its nationwide consolidated VA bargaining unit, and is therefore the proper Plaintiff for this action.

10. Defendant Sloan D. Gibson is the Acting Secretary of the United States Department of Veterans Affairs, an agency of the United States Executive Branch. Acting Secretary Gibson replaced former Secretary Eric K. Shinseki on May 30, 2014. The VA's headquarters is located at 810 Vermont Avenue N.W., Washington, D.C. 20420.

## JURISDICTION AND VENUE

11. This action seeks to vacate a decision issued by the Defendant pursuant to his authority under 38 U.S.C. § 7422 on the basis that the decision violates the APA, 5 U.S.C. § 706, because it exceeds the Secretary's statutory authority and is arbitrary and capricious. Therefore, this Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331.

12. As the Defendant is a resident of the District of Columbia, venue is proper in this judicial district and division, and this Court has personal jurisdiction over the Defendant.

## FACTUAL BACKGROUND

13. In 2010, the VA and its various labor organizations developed the "Joint 38 U.S.C. § 7422 Workgroup Recommendations as Revised and Approved by the Secretary of the Department of Veterans Affairs" ("Secretary's Decision Document").

14. The Secretary's Decision Document states that, ". . . procedures for the development of voluntary and mandatory rosters for overtime are negotiable."

15. The VA and NFFE executed a new Master Agreement on June 6, 2011.

16. On July 6, 2011, Eric K. Shinseki, then Secretary of the U.S. Department of Veterans Affairs, approved the new Master Agreement, including Article 31 governing overtime for Title 38 RNs pursuant to 5 U.S.C. § 7114(c) ("Agency-head review").

17. NFFE and the VA signed a Memorandum of Understanding ("MOU") in February 2012 agreeing to delay implementation of the new Master Agreement until July 1, 2012, in order to conclude a joint training plan. The Master Agreement has an effective date of July 1, 2012.

18. Article 31 of the Master Agreement is titled "Overtime-Title 38 Registered Nurses" and sets forth various provisions, including procedures and appropriate arrangements, concerning overtime for Title 38 RNs. The preamble to Article 31 of the Master Agreement states, "The Parties intend for this article to be interpreted consistent with 38 U.S.C. 7422."

19. Article 31, Section 1(B) of the Master Agreement provides that the Defendant will consider other options before mandatory overtime and states, "These options will be subject to local negotiations as referenced in Section 2 of this Article."

20. Article 31, Section 2 of the Master Agreement states, "The method of scheduling overtime will be subject to negotiations at the local level."

21. Article 31, Section 4(C) of the Master Agreement provides that, "The Employer and the Union will negotiate on-call policies at the local level."

22. On November 29, 2012, VAMC Amarillo held a pre-decisional meeting with NFFE Local 1138 and American Federation of Government Employees ("AFGE") Local 1038 "regarding management's proposals on mandatory overtime for both Title 38 RNs and Hybrid Title 38

LVNs [Licensed Vocational Nurses]. Management proposed to require nursing overtime for three pay periods effective December 16, 2012, through January 26, 2013. All Title 38 RNs and Hybrid Title 38 LVNs would be required to work one 12-hour period during each pay period. Staff working overtime would be released first if patient census allowed."

23. On December 3, 2012, Rodney Neely, Vice President of NFFE Local 1138, filed a demand to bargain over the mandatory overtime issue with VAMC Amarillo.

24. On December 11, 2012, Louise Anderson, Nurse Executive, Associate Director Patient Care Services, VAMC Amarillo, rejected NFFE Local 1138's demand to bargain on the grounds that, "The Local's demand to bargain involves direct patient care and competency matters and falls under the purview of 38 U.S.C. § 7422(b) and for that reason not [*sic*] a matter subject to bargaining."

25. NFFE Local 1138 received VAMC Amarillo's rejection on December 12, 2012.

26. In a letter dated December 13, 2012, Debra Clayton, President of NFFE Local 1138, submitted eleven (11) proposals for bargaining to VAMC Amarillo.

27. On or about December 15, 2012, VAMC Amarillo met with AFGE Local 1038 to bargain over the impact and implementation of mandatory overtime for Hybrid Title 38 LVNs.

28. In a second letter dated December 18, 2012, NFFE Local 1138 President Clayton rebutted VAMC Amarillo's argument that mandatory overtime for Title 38 RNs was not subject to bargaining because it involved direct patient care and competency matters under 38 U.S.C. § 7422(b) and resubmitted slightly modified proposals for bargaining (original Proposals 6 and 7 were combined in NFFE Local 1138's December 18th set of proposals).

29. VAMC Amarillo implemented mandatory overtime for Title 38 RNs without bargaining over NFFE Local 1138's proposals.

30. On January 22, 2013, NFFE Local 1138 filed a ULP charge with the FLRA alleging that VAMC Amarillo's refusal to bargain over mandatory overtime violated 5 U.S.C. § 7116(a)(1), (3), and (5). NFFE Local 1138 amended the ULP charge on June 3, 2013 to remove the (a)(3) violation.

31. On June 5, 2013, Carmen Byrd, Attorney with the FLRA's Dallas Regional Office, sent an email to Jeffrey Reeder, Staff Attorney, Department of Veterans Affairs, informing the VA that the FLRA Regional Director had decided to issue a complaint in case number DA-CA-13-0192, NFFE Local 1138's ULP charge.

32. Ms. Byrd informed Mr. Reeder that the FLRA Dallas Regional Director's complaint would allege that the VA "failed to negotiate with the Union regarding issues that are subject to negotiations at the local level under Article 31 of the CBA (i.e., other options for the Activity to consider before mandating overtime; the method of scheduling overtime; and overtime on-call policies), which concern Union proposals 4, 5, 9, 10, and the part of Union Proposal 8 that does not concern overtime recordkeeping."

33. On June 21, 2013, Mr. Reeder filed a "Motion to Abate Pending 38 USC §7422 Determination" with the FLRA requesting that the FLRA suspend any action on the Regional Director's ULP complaint until the Defendant issues a § 7422 decision.

34. On July 16, 2013, James E. Petrucci, Regional Director, Dallas Region, FLRA, issued the Complaint and Notice of Hearing on the grounds that VAMC Amarillo committed a ULP by refusing to bargain with NFFE Local 1138 in violation of 5 U.S.C. § 7116(a)(1) and (5).

35. On July 31, 2013, Andrew M. Welch, Director, VAMC Amarillo, submitted a Memorandum to the Defendant Secretary of Veterans Affairs requesting a determination under 38 U.S.C. §

7422(b) as to whether the issues covered by the ULP charge are exempt from collective bargaining under that statute.

36. On August 14, 2013, VAMC Amarillo filed its Answer to the FLRA Regional Director's Complaint.

37. The Plaintiff, through the undersigned, submitted a Response Brief to the Defendant on August 19, 2013, arguing that NFFE Local 1138's impact and implementation proposals regarding mandatory overtime for Title 38 RNs were not exempt from collective bargaining under 38 U.S.C. § 7422.

38. On October 21, 2013, Charles R. Center, Chief Administrative Law Judge ("ALJ"), FLRA, set a hearing date of January 20, 2014 in case number DA-CA-13-0192.

39. On January 10, 2014, ten days prior to the scheduled hearing, the Plaintiff and VAMC Amarillo filed a Joint Stipulation of Undisputed Facts with the Office of Administrative Law Judges ("OALJ") in lieu of a hearing, and the OALJ set a due date of February 14, 2014 for the submission of legal briefs.

40. On January 23, 2014, Eric K. Shinseki, then Secretary of the United States Department of Veterans Affairs, issued the § 7422 Decision at issue in this case, finding that "the issue presented is a matter concerning or arising out of professional conduct or competence under 38 U.S.C. § 7422(b) and is thus excluded from collective bargaining."

41. Owing to the Defendant's § 7422 Decision, the FLRA General Counsel filed a Motion to Remand the ULP case to the Dallas Regional Office on February 6, 2014.

42. On February 11, 2014, ALJ Susan E. Jelen granted the FLRA General Counsel's Motion to Remand, and remanded the ULP case to the Dallas Regional Office.

43. The FLRA Regional Director dismissed the Plaintiff's ULP charge on February 21, 2014 for lack of jurisdiction.

## COUNT I
## ADMINISTRATIVE PROCEDURE ACT
## 5 U.S.C. § 706(2)(C)

44. Plaintiff hereby incorporates Paragraphs 1 through 43 of the Complaint.

45. 5 U.S.C. § 706(2)(C) states: "To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. The reviewing court shall – (2) hold unlawful and set aside agency action, findings, and conclusions found to be – (C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; . . . ."

46. 38 U.S.C. § 7422(b) states: "Such collective bargaining . . . in the case of employees described in section 7421(b) of this title may not cover, or have any applicability to, any matter or question concerning or arising out of (1) professional conduct or competence . . . ."

47. 38 U.S.C. § 7422(c) states: "For purposes of this section, the term 'professional conduct or competence' means any of the following: (1) Direct patient care. (2) Clinical competence."

48. Plaintiff's proposals did not cover, or apply to, any matter or question concerning or arising out of professional conduct or competence.

49. Plaintiff's proposals did not cover, or apply to, any matter or question concerning or arising out of Title 38 RNs' direct patient care.

50. Plaintiff's proposals did not cover, or apply to, any matter or question concerning or arising out of Title 38 RNs' clinical competence.

51. Plaintiff's proposals to VAMC Amarillo included procedures and appropriate arrangements for the methods of scheduling mandatory overtime for Title 38 RNs without any impact on the VA's right to determine Title 38 RN's professional conduct or competence.

52. The Defendant's finding that the Plaintiff's proposals concerned or arose out of professional conduct or competence is contrary to 38 U.S.C. § 7422(C) which limits "professional conduct or competence" to direct patient care or clinical competence only.

53. By asserting that NFFE Local 1138's proposals concerned or arose out of professional conduct or competence, the Defendant exceeded his statutory authority.

54. The Plaintiff therefore respectfully requests that the Court hold unlawful and set aside the Defendant's § 7422 Decision because it exceeds the Secretary's statutory authority.

## COUNT II
## ADMINISTRATIVE PROCEDURE ACT
## 5 U.S.C. § 706(2)(A)

55. Plaintiff hereby incorporates Paragraphs 1 through 54 of the Complaint.

56. 5 U.S.C. § 706(2)(A) states: "To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. The reviewing court shall – (2) hold unlawful and set aside agency action, findings, and conclusions found to be – (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; . . . ."

57. Article 31 of the Parties' Master Agreement explicitly permits the Plaintiff to negotiate over overtime for Title 38 RNs at the local level.

58. Section C.2. of the Secretary's Decision Document states: "issues indirectly related or not related at all to patient care, including but not limited to, the guidelines for otherwise qualified employees (as determined by management) who want to trade days off, are negotiable."

59. Section C.3. of the Secretary's Decision Document states: "After management has determined the qualified persons and approved overtime work, then procedures for the development of voluntary and mandatory rosters for overtime are negotiable."

60. Plaintiff's proposals did not cover, or apply to, any matter or question concerning or arising out of professional conduct or competence.

61. Plaintiff's proposals did not cover, or apply to, any matter or question concerning or arising out of Title 38 RNs' direct patient care.

62. Plaintiff's proposals did not cover, or apply to, any matter or question concerning or arising out of Title 38 RNs' clinical competence.

63. The Defendant acted arbitrarily and capriciously when he issued the § 7422 Decision determining that NFFE Local 1138's impact and implementation proposals were exempt from collective bargaining because the Defendant had previously approved Article 31 of the Parties' Master Agreement on Agency-head review and the proposals were consistent with the principles set forth in the Secretary's Decision Document.

64. The Defendant's § 7422 Decision is not a reasonable interpretation of the statute and is therefore not entitled to deference under the APA.

65. The Defendant's § 7422 Decision is largely incomprehensible and lacks coherence, and is therefore not entitled to deference under the APA.

66. The Defendant has taken contradictory positions on the Plaintiff's ability to bargain over overtime for Title 38 RNs and therefore his § 7422 Decision is not entitled to deference under the APA.

67. As found by the FLRA's Dallas Regional Director by issuing a complaint in the ULP charge, NFFE Local 1138's impact and implementation proposals regarding mandatory overtime for Title 38 RNs at VAMC Amarillo (especially Proposals 4, 5, 9, 10, and part of 8) were subject to the type of local-level bargaining which the Defendant approved in Article 31 of the Master Agreement on Agency-head review.

68. By issuing an incomprehensible and incoherent § 7422 Decision which is not a reasonable interpretation of the statute, the Defendant has acted arbitrarily and capriciously.

69. By first explicitly approving Article 31 and then subsequently denying the Plaintiff's ability to bargain over mandatory overtime for Title 38 RNs at VAMC Amarillo, the Defendant has acted arbitrarily and capriciously.

70. By approving the Secretary's Decision Document and then denying the Plaintiff's ability to bargain over mandatory overtime for Title 38 RNs at VAMC Amarillo, the Defendant has acted arbitrarily and capriciously.

71. The Plaintiff therefore respectfully requests that the Court hold unlawful and set aside the Defendant's § 7422 Decision because it is arbitrary and capricious.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court grant the following relief:

72. Hold unlawful and set aside the Defendant's § 7422 Decision because the determination that the Plaintiff's proposals concerned professional conduct or competence exceeded the Secretary's statutory authority.

73. Hold unlawful and set aside the Defendant's § 7422 Decision because it is arbitrary and capricious.

74. Order the Defendant to bargain with the Plaintiff in accordance with Article 31 of the Master Agreement.

75. Order the FLRA to reinstitute the Plaintiff's ULP charge which the Regional Director dismissed for lack of jurisdiction on February 21, 2014.

76. Grant any other relief which the Court deems proper.

Respectfully submitted,

_____/s/ Stefan P. Sutich_____
Stefan P. Sutich
General Counsel
National Federation of Federal
   Employees, FD-1, IAMAW
805 15th Street, NW, Suite 500
Washington, D.C. 20005
Phone: (202) 216-4457
Fax: (202) 898-1861
ssutich@nffe.org
DC Bar No. 493451

_____/s/ Philip D. Snodgrass_____
Philip D. Snodgrass
Assistant General Counsel
National Federation of Federal
   Employees, FD-1, IAMAW
805 15th Street, NW, Suite 500
Washington D.C. 20005
Phone: (202) 216-4426
Fax: (202) 898-1861
psnodgrass@nffe.org
D.C. Bar No. 1020480
[*Application for Admission to this Court is pending*]